UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ANDREA SUSAN HALPERN, individually
and as Executor of the Estate of Matthew
Bruce Halpern, Deceased, and on behalf of all
heirs and next-of-kin of Matthew Bruce
Halpern, deceased,

        Plaintiff,

  -against-

COMAIR, INC. and
DELTA AIR LINES, INC.,

        Defendants.

-------------------------------------------------------x

Docket No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 10 - 2927

COGAN, J.

Plaintiff Andrea Susan Halpern, individually and as Executor of the Estate of Matthew Bruce Halpern, and on behalf of all heirs and next-of-kin of Matthew Bruce Halpern, deceased, by and through her attorneys HENRY SPIEGEL MILLING, LLP and ANDREW J. BAROVICK, ESQ. alleges as follows:

**INTRODUCTION**

1. This action seeks damages on behalf of the heirs, next-of-kin and the Estate of Matthew Bruce Halpern, plaintiff's decedent, who died on an airline flight operated by Defendants on June 28, 2008.

2. Matthew Bruce Halpern is survived by Plaintiff Andrea Susan Halpern, his wife, as well as his minor daughters Annabelle Rose Halpern, Georgina Louise Halpern and Madeline Augusta Halpern, all of whom are distributees pursuant to New York law. This action is brought

by Andrea Halpern in her capacity as Executor of the Estate of her deceased husband, as well as for the benefit of Mr. Halpern's surviving family.

## PARTIES

3. Plaintiff Andrea Susan Halpern is a citizen and resident of the State of New York, and is the Executor of the Estate of Matthew Bruce Halpern (hereinafter "Mr. Halpern"), as per the Order of the Surrogate Court for the County of Nassau, New York, dated March 4, 2009. Plaintiff is also the wife of the deceased Mr. Halpern.

4. Defendant Comair, Inc. (hereinafter "Comair") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in the State of Georgia. Comair conducts substantial business in the State of New York, at LaGuardia Airport, and within this District.

5. Defendant Delta Air Lines, Inc. (hereinafter "Delta") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Georgia. Delta conducts substantial business in the State of New York, at LaGuardia Airport and within this District.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is founded on diversity of citizenship, 28 U.S.C. Section 1332, as this is a case between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7. Venue in this District satisfies the requirements of 28 U.S.C. Section 1391, because a substantial part of the events giving rise to Plaintiff's claims occurred within this Judicial District. Furthermore, Comair and Delta conduct substantial business in this District, at LaGuardia Airport, and are subject to personal jurisdiction in this District. In addition, Mr.

Halpern resided in this District, and the Estate of Matthew Bruce Halpern is established in this District.

## **GENERAL ALLEGATIONS**

8. At all times material hereto, Comair was a common carrier engaged in the business of transporting passengers by air and operating regularly scheduled flights to and from LaGuardia Airport in the State of New York.

9. At all times material hereto, Delta was a common carrier engaged in the business of transporting passengers by air and operating regularly scheduled flights to and from LaGuardia Airport in State of New York.

10. At all times material hereto, Comair was a wholly-owned subsidiary of Delta.

11. At all times material hereto, Comair held itself out to the public as an agent, apparent agent or servant of Delta.

12. At all times material hereto Comair operated under the label "The Delta Connection."

13. Delta is responsible for any and all acts or omissions of Comair alleged herein under the doctrines of agency, apparent agency, master and/or servant.

14. At all times material hereto, Comair and Delta were operating in the business of transporting passengers by airplane together as a joint venture or partnership.

15. On June 28, 2008, Comair and/or Delta operated a flight from Savannah, Georgia to LaGuardia Airport, New York that, on information and belief, was referenced by the FAA as Comair Flight 558. (Plaintiff is aware that some public documents such as tickets may reference this particular flight as "Flight 5558", but Plaintiff believes the FAA tracked this flight as Flight 558, and the flight will hereinafter be referred to as "Comair/Delta Flight 558").

16. At all times material hereto, the flight attendant(s), flight crew and pilots on board Comair/Delta Flight 558 were employees, agents, apparent agents and/or servants of Comair and/or Delta acting within the course and scope of their employment, servant and/or agency relationship with Comair and/or Delta. Comair and/or Delta are, therefore, responsible for any acts or omissions by the flight attendant(s), flight crew or pilots of Comair/Delta Flight 558 under the doctrines of respondeat superior and/or the principles of agency.

17. Comair owns, operates, manages, controls and/or maintains all equipment used in the course of its flights, including but not limited to emergency medical kits and automated external defibrillators ("AEDs").

18. Delta owns, operates, manages, controls and/or maintains all equipment used in the course of its flights, including but not limited to emergency medical kits and automated external defibrillators ("AEDs").

19. Comair is required and undertook to train and educate its flight attendants and crew regarding the use of the emergency equipment onboard its aircraft, including emergency medical kits and AEDs.

20. Delta is required and undertook to train and educate its flight attendants and crew regarding the use of the emergency equipment onboard its aircraft, including emergency medical kits and AEDs.

21. On June 28, 2008, Mr. Halpern was a paying passenger on Comair/Delta Flight 558 from Savannah, Georgia to LaGuardia Airport, New York.

22. On information and belief, Comair/Delta Flight 558 was operated and advertised as a "Delta Connection" flight.

23. Comair/Delta Flight 558 was operated and controlled at all times by Comair and/or Delta.

24. The flight attendant on board Comair/Delta Flight 558 was, on information and belief, an individual named Kimberly Gibson. Ms. Gibson was at all times acting within the scope of her employment, servant and/or agency relationship with Comair and/or Delta, and she and the entire flight crew were responsible, in part, for the safe transport of passengers, including Mr. Halpern, to LaGuardia Airport.

25. During the course of Comair/Delta Flight 558, Mr. Halpern suffered an in-flight, cardiac medical emergency.

26. Passengers made the flight attendant aware of Mr. Halpern's emergency medical condition.

27. Mr. Halpern became unresponsive.

28. Mr. Halpern stopped breathing.

29. Drool fell from Mr. Halpern's mouth.

30. Comair/Delta Flight 558 continued on to LaGuardia without any medical care being provided to Mr. Halpern by the flight attendant or crew.

31. Comair/Delta Flight 558 landed at LaGuardia Airport shortly after 4:15 p.m. Eastern time.

32. After landing, Comair/Delta Flight 558 taxied off of the runway environment.

33. Passengers on board Comair/Delta Flight 558 removed Mr. Halpern from his seat and laid him in the aisle on his back.

34. Emergency medical responders met Comair/Delta Flight 558 on the ground, and contact was made with Mr. Halpern by EMS personnel according to EMS documentation at or about 4:25 p.m. Eastern time.

35. By the time Mr. Halpern was evaluated by EMS personnel, he had no respirations; he had no heartbeat; he was cold to the touch; he had no capillary refill; his pupils were dilated; and his Glasgow coma scale was rated as a "3" on a scale of 3-15.

36. The EMS personnel transported Mr. Halpern to New York Hospital Queens, where he was pronounced dead.

37. From the onset of Mr. Halpern's medical emergency, he was in need of cardiopulmonary resuscitation, which the flight attendant and crew of Comair/Delta Flight 558 should have known and should have provided if properly trained by Comair and/or Delta.

38. At no time from the onset of Mr. Halpern's medical emergency until the time EMS personnel boarded the aircraft and began caring for Mr. Halpern, did any Comair or Delta flight attendant or crew member on board Comair/Delta Flight 558 perform cardiopulmonary resuscitation on Mr. Halpern.

39. From the onset of Mr. Halpern's medical emergency, he was in need of treatment by the on board AED, which the flight attendant and crew of Comair/Delta Flight 558 should have known and should have provided if properly trained by Comair and/or Delta.

40. At no time from the onset of Mr. Halpern's medical emergency until the time EMS personnel boarded the aircraft and began caring for Mr. Halpern, did any Comair or Delta flight attendant or crew member on board Comair/Delta Flight 558 utilize the AED for Mr. Halpern, which was or should have been on board the aircraft.

41. From the onset of Mr. Halpern's medical emergency, he was in need of supplemental oxygen, which the flight attendant and crew of Comair/Delta Flight 558 should have known and should have provided if properly trained by Comair and/or Delta.

42. At no time from the onset of Mr. Halpern's medical emergency until the time EMS personnel boarded the aircraft and began caring for Mr. Halpern, did any Comair or Delta flight attendant or crew member on board Comair/Delta Flight 558 provide supplemental oxygen to Mr. Halpern.

43. From the onset of Mr. Halpern's medical emergency, he was in need of medications and/or other medical devices that should have been included in the on board emergency medical kit, and which the flight attendant and crew of Comair/Delta Flight 558 should have known and should have provided if properly trained by Comair and/or Delta.

44. At no time from the onset of Mr. Halpern's medical emergency until the time EMS personnel boarded the aircraft and began caring for Mr. Halpern, did any Comair or Delta flight attendant or crew member onboard Comair/Delta Flight 558 access the emergency medical kit for the benefit Mr. Halpern.

45. As a proximate result of Defendants' negligence and breaches of their duties of care, Plaintiffs' decedent, Matthew Bruce Halpern, suffered severe injuries, emotional and physical pain and suffering, and eventual death and all other damages allowable under the applicable wrongful death and survival acts including, but not limited to, loss of support, services, parental training, education, care and guidance, companionship, inheritance, property, burial expenses and all other economic and pecuniary losses incurred as a result of his death.

## FIRST COUNT FOR SURVIVAL
## DAMAGES AGAINST COMAIR BASED ON NEGLIGENCE

46. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 45 as if stated fully herein.

47. Comair, through its employees, agents, servants and/or contractors, flight attendants and crew owed Mr. Halpern a duty to ensure that in the case of a medical emergency, it used all reasonable means and options to reduce the likelihood of injury or death.

48. Comair, through its employees, agents and/or servants, owed a duty to Mr. Halpern to fully train the flight attendants and flight crew on Comair/Delta Flight 558 regarding emergency procedures and the use and operation of emergency medical equipment aboard its aircraft, including the emergency medical kit and on-board AED.

49. Comair breached these duties to Mr. Halpern and was otherwise negligent by, among other things: failing to respond to Mr. Halpern's emergency medical condition in a timely and competent manner; failing to timely perform cardiopulmonary resuscitation on Mr. Halpern; failing to timely use the on-board AED on Mr. Halpern; failing to utilize the emergency medical kit for Mr. Halpern; failing to provide supplemental oxygen to Mr. Halpern; failing to divert the aircraft to a closer landing facility; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the recognition of a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper and timely use and operation of the AED for a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 concerning circumstances when cardiopulmonary resuscitation should be used; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper use and operation of the emergency medical kit and supplemental oxygen.

50. As a proximate result of Comair's negligence and breaches of its duties of care, Plaintiff's decedent, Matthew Bruce Halpern, suffered severe injuries, and emotional and physical pain and suffering prior to his death.

51. As a result of the foregoing, Plaintiff is entitled to compensatory damages in the amount of Five Million Dollars against Comair.

## SECOND COUNT FOR WRONGFUL DEATH DAMAGES AGAINST COMAIR BASED ON NEGLIGENCE

52. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 51 as if stated fully herein.

53. Comair, through its employees, agents, servants and/or contractors, flight attendants and crew owed Mr. Halpern a duty to ensure that in the case of a medical emergency, it used all reasonable means and options to reduce the likelihood of injury or death.

54. Comair, through its employees, agents and/or servants, owed a duty to Mr. Halpern to fully train the flight attendants and flight crew on Comair/Delta Flight 558 regarding emergency procedures and the use and operation of emergency medical equipment aboard its aircraft, including the emergency medical kit and on-board AED.

55. Comair breached these duties to Mr. Halpern and was otherwise negligent by, among other things: failing to respond to Mr. Halpern's emergency medical condition in a timely and competent manner; failing to timely perform cardiopulmonary resuscitation on Mr. Halpern; failing to timely use the on-board AED on Mr. Halpern; failing to utilize the emergency medical kit for Mr. Halpern; failing to provide supplemental oxygen to Mr. Halpern; failing to divert the aircraft to a closer landing facility; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the recognition of a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper and timely use

9

and operation of the AED for a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 concerning circumstances when cardiopulmonary resuscitation should be used; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper use and operation of the emergency medical kit and supplemental oxygen.

56. As a proximate result of Comair's negligence and breaches of its duties of care, Plaintiff's decedent, Matthew Bruce Halpern, suffered an untimely death, resulting in Plaintiff being entitled to all damages allowable under the applicable wrongful death and survival acts including, but not limited to, loss of support, services, parental training, education, care and guidance, companionship, inheritance, property, burial expenses and all other economic and pecuniary losses incurred as a result of his death.

57. As a result of the foregoing, Plaintiff is entitled to compensatory damages in the amount of Forty Million Dollars against Comair.

## THIRD COUNT FOR SURVIVAL
## DAMAGES AGAINST DELTA BASED ON NEGLIGENCE

58. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 57 as if stated fully herein.

59. Delta, through its employees, agents, servants and/or contractors, flight attendants and crew owed Mr. Halpern a duty to ensure that in the case of a medical emergency, it used all reasonable means and options to reduce the likelihood of injury or death.

60. Delta, through its employees, agents and/or servants, owed a duty to Mr. Halpern to fully train the flight attendants and flight crew on Comair/Delta Flight 558 regarding

10

emergency procedures and the use and operation of emergency medical equipment aboard its aircraft, including the emergency medical kit and on-board AED.

61. Delta breached these duties to Mr. Halpern and was otherwise negligent by, among other things: failing to respond to Mr. Halpern's emergency medical condition in a timely and competent manner; failing to timely perform cardiopulmonary resuscitation on Mr. Halpern; failing to timely use the on-board AED on Mr. Halpern; failing to utilize the emergency medical kit for Mr. Halpern; failing to provide supplemental oxygen to Mr. Halpern; failing to divert the aircraft to a closer landing facility; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the recognition of a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper and timely use and operation of the AED for a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 concerning circumstances when cardiopulmonary resuscitation should be used; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper use and operation of the emergency medical kit and supplemental oxygen.

62. As a proximate result of Delta's negligence and breaches of its duties of care, Plaintiff's decedent, Matthew Bruce Halpern, suffered severe injuries, and emotional and physical pain and suffering prior to his death.

63. As a result of the foregoing, Plaintiff is entitled to compensatory damages in the amount of Five Million Dollars against Delta.

### FOURTH COUNT FOR WRONGFUL DEATH DAMAGES AGAINST DELTA BASED ON NEGLIGENCE

64. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63 as if stated fully herein.

11

65. Delta, through its employees, agents, servants and/or contractors, flight attendants and crew owed Mr. Halpern a duty to ensure that in the case of a medical emergency, it used all reasonable means and options to reduce the likelihood of injury or death.

66. Delta, through its employees, agents and/or servants, owed a duty to Mr. Halpern to fully train the flight attendants and flight crew on Comair/Delta Flight 558 regarding emergency procedures and the use and operation of emergency medical equipment aboard its aircraft, including the emergency medical kit and on-board AED.

67. Delta breached these duties to Mr. Halpern and was otherwise negligent by, among other things: failing to respond to Mr. Halpern's emergency medical condition in a timely and competent manner; failing to timely perform cardiopulmonary resuscitation on Mr. Halpern; failing to timely use the on-board AED on Mr. Halpern; failing to utilize the emergency medical kit for Mr. Halpern; failing to provide supplemental oxygen to Mr. Halpern; failing to divert the aircraft to a closer landing facility; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the recognition of a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper and timely use and operation of the AED for a passenger in cardiac distress; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 concerning circumstances when cardiopulmonary resuscitation should be used; failing to properly train the flight attendant and crew on board Comair/Delta Flight 558 in the proper use and operation of the emergency medical kit and supplemental oxygen.

68. As a proximate result of Delta's negligence and breaches of its duties of care, Plaintiff's decedent, Matthew Bruce Halpern, suffered an untimely death resulting in Plaintiff being entitled to all damages allowable under the applicable wrongful death and survival acts

including, but not limited to, loss of support, services, parental training, education, care and guidance, companionship, inheritance, property, burial expenses and all other economic and pecuniary losses incurred as a result of his death.

69. As a result of the foregoing, Plaintiff is entitled to compensatory damages in the amount of Forty Million Dollars against Delta.

### FIFTH COUNT FOR PUNITIVE DAMAGES AGAINST COMAIR AND DELTA

70. Plaintiff incorporates by reference all the allegations contained in Paragraphs 1 through 69 as if they were fully stated herein.

71. The acts and/or omissions of the Defendants, set forth herein, are also such knowing and willful failures that they constitute malicious, willful, wanton, grossly negligent and/or reckless conduct within the meaning of New York Law. Said acts and/or omissions proximately caused or contributed to Mr. Halpern's suffering and untimely death, and as such, give rise to and warrant the imposition by a jury of punitive or exemplary damages against the Defendants.

72. As a result of the foregoing, the Plaintiff is entitled to recover punitive damages from the Defendants in an amount that is commensurate with the egregious conduct of the Defendants in willfully ignoring Mr. Halpern's medical emergency, which culminated in his suffering and death as set forth herein.

WHEREFORE, the Plaintiff demands judgment against the Defendants:

(a) On the first cause of action Five Million Dollars;

(b) On the second cause of action Forty Million Dollars;

(c) On the third cause of action Five Million Dollars;

(d) On the fourth cause of action Forty Million Dollars;

(e) An amount of punitive damages determined by a jury to punish the Defendants and deter future conduct of this sort;

(f) All lawful costs and disbursements of this action;

(g) A trial by jury; and

(h) Such other and further relief as the Court deems just, proper and equitable.

This 24th day of June, 2010.

                                         Andrew J. Barovick, P.C.

                                         Andrew J. Barovick, Esq.
                                         Attorney for Plaintiff
                                         274 Madison Avenue, Suite 402
                                         New York, New York 10016
                                         Phone: 212-861-2800
                                         Andrew@barovicklawny.com


HENRY SPIEGEL MILLING, LLP

/ S / R. CLAY MILLING
PHILIP C. HENRY
GEORGIA STATE BAR NUMBER 347975
R. CLAY MILLING
GEORGIA STATE BAR NUMBER 509215
ATTORNEYS FOR PLAINTIFFS
ATLANTA PLAZA, SUITE 2450
950 EAST PACES FERRY ROAD, N.E.
ATLANTA, GEORGIA 30326-1386
PHONE: 404-832-8000
PCH@HSM-LAW.COM
RCM@HSM-LAW.COM

To be admitted *pro hac vice.*